

**SO ORDERED.**

**SIGNED this 11 day of October, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KELLY ANDERSON HERD | ) | No. 06-10851 |
| | ) | Chapter 7 |
| Debtor | ) | |

**M E M O R A N D U M**

This case is before the court on the Second Motion to Extend Time to Object to Discharge and Notice of Opportunity to Object and for Hearing filed by Lisa Forsell Perry and George Welch Perry. The court previously entered an order on September 22, 2006, that granted the motion in part with respect to extending the time for filing a complaint objecting to the debtor's discharge. The court took under advisement that portion of the motion that sought an extension of the deadline for filing a complaint objecting to the dischargeability of a particular debt. This memorandum addresses the issue taken under advisement, namely, whether under the

facts of this case there is a legal basis for granting the movants' request for an extension of the

dischargeability deadline.

## I.

Prior to the commencement of this case, the movants had filed suit against the debtor in

the United States District Court for the Eastern District of Tennessee, alleging that the debtor

had infringed the movants' copyrights. On March 14, 2006, after a trial, the jury in the district

court litigation returned a verdict for the movants and against the debtor, awarding $320,000 in

damages for 16 counts of willful copyright infringement. Three days later, the movants filed a

motion for injunctive and other relief against the debtor and a motion for an award of attorney's

fees. Prior to a ruling on those motions, the debtor filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code, commencing this case on March 28, 2006. The next day, the

court issued a notice setting June 27, 2006, as the deadline for complaints to bar the debtor from

receiving a discharge and for complaints for determinations that particular debts are not dis-

chargeable in bankruptcy.

On April 4, 2006, the movants filed a motion for relief from the automatic stay, seeking

leave to proceed with the district court litigation. According to the movants' attorney's unrefuted

testimony, she made clear at the hearing on the motion on May 4, 2006, that one purpose of

seeking stay relief was so that the movants could obtain a final judgment in district court that

would have collateral estoppel effect on any dischargeability action that the movants commenced

2

against the debtor in bankruptcy court. By an order entered the next day, the court denied the motion for relief from the stay.[1]

There is no dispute that the movants received notice of the complaint deadline of June 27, 2006. On May 22, 2006, the Chapter 7 trustee filed a motion to extend the time to object to the debtor's discharge and that motion was granted by an order entered on June 16, 2006, which extended the deadline for objecting to the debtor's discharge until August 28, 2006. The movants also desired an extension of the deadline for filing both a complaint objecting to the debtor's discharge and a complaint objecting to the dischargeability of the debt owed by the debtor to the movants. Accordingly, the movants' attorney instructed a paralegal in her firm to draft a motion for an extension of the deadline. The paralegal drafted a motion and a proposed order granting the motion, which she based on the motion that the trustee had filed in this case. When the attorney reviewed the drafts, she saw that they sought an extension of the deadline for a complaint objecting to discharge (the relief that the trustee's motion had sought) but not the deadline for filing a complaint objecting to the dischargeability of a particular debt. The attorney instructed the paralegal to add the latter relief. The paralegal revised the papers, but saved the revised versions on her local hard drive rather than on the firm's file server where the original drafts had been saved. The attorney reviewed the revised drafts and authorized the paralegal to file them electronically.

---

[1] The movants' attorney's understanding is that the motion was denied due to concerns that the entry of judgment would force the trustee to decide at an early stage in the bankruptcy whether to appeal the judgment. The court later entered an agreed order granting relief from the stay to the extent necessary for the movants to proceed with their motion for injunctive relief and an order impounding the infringing articles.

3

The paralegal did so on June 22, 2006, but erroneously filed the original drafts located on the file server, rather than the revised drafts located on her local hard drive. When a party files such a motion electronically, the electronic filing system offers filers only one "event" for describing such motions, which is used for a motion to extend either or both of the complaint deadlines. Consequently, the notice of filing that the movants' attorney received by e-mail indicated that the motion filed was a "motion to extend time to file complaint objecting to discharge *or* to determine the dischargeability of a debt." (Emphasis added). The attorney, however, assumed that the motion had sought an extension of both deadlines when in actuality it sought only an extension of the deadline for objecting to the debtor's discharge. On July 18, 2006, the court entered the movants' proposed order which provided that "the Creditor shall have through and including August 28, 2006 to file a complaint objecting to the Debtor's discharge."

On August 28, 2006, the movants filed the present motion seeking an extension of both the deadline for filing a complaint objecting to discharge and the deadline for filing a complaint objecting to dischargeability of a particular debt. The debtor filed an objection to the motion insofar as it sought to extend the dischargeability deadline. The movants' attorney testified that she did not realize the dischargeability deadline had not been extended until she received the debtor's objection. In response to the debtor's objection to the motion for extension, the movants rely on the doctrine of "equitable tolling."

4

## II.

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure sets forth a general rule that the court may extend a deadline for "cause shown" and "with or without a motion or notice" if the request for an extension is "made before the expiration of the period originally prescribed or as extended by a previous order." In addition, if the request is made after the expiration of the deadline, the deadline may be extended if "the failure to act was the result of excusable neglect." However, Subdivision (3) of Rule 9006(b) is an exception to that general rule. It provides that "[t]he court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in [that] rule[]." Rule 4007(c), which specifies the deadline for complaints to determine the dischargeability of a debt under 11 U.S.C. § 523(c),[2] provides that, "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." It is the debtor's position that an extension of the deadline for dischargeability complaints must be denied since the motion was not filed "before the time has expired."

There is no question that the movants failed to file a motion for the extension of the dischargeability deadline prior to the expiration of the Rule 4007(c) deadline. The issue now is whether the movants can obtain an extension of the deadline after it has expired. Accordingly to the Sixth Circuit Court of Appeals, the Rule 4007(c) filing deadline "is a statute of limitation–or

---

[2] Section 523(c) provides that the kinds of debts described in § 523(a)(2), (4), or (6) are discharged unless the court determines that the debts are nondischargeable upon the request of the creditor and after notice and a hearing. The movants allege that the copyright infringement liability falls within one or more of those categories.

simply a deadline–that is generally subject to the defenses of waiver, estoppel, and equitable

tolling." *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 341 (6th Cir. 2003). It is the

movants' position that the court should apply the doctrine of equitable tolling and toll the Rule

4007(c) filing deadline. Hence, the court must determine whether the doctrine of equitable

tolling can be applied under the facts of this case.

> There are five factors that should be considered when deciding to apply
> the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of
> filing requirement; (2) lack of constructive knowledge of filing requirement; (3)
> diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and
> (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Id.* at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). When, as in this case, the

prospective plaintiff does not "claim lack of notice or knowledge of the filing deadline, '[the]

inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting

prejudice, if any, to the defendant.'" *Id.* (citation omitted).

The diligence factor comes into play whenever an attorney's mistake, or his firm's cleri-

cal mistake, is responsible for a missed deadline. Unfortunately for the movants, the Sixth Cir-

cuit's cases hold that "the principles of equitable tolling do not extend to 'garden variety' claims

of excusable neglect on the part of a litigant's attorney." *Griffin v. Rogers*, 399 F.3d 626, 637

(6th Cir. 2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *accord, e.g.*,

*Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (citing *Ayers v. United States*, 277

F.3d 821, 828 (6th Cir. 2002)), *cert. denied*, 544 U.S. 948 (2005); *Jurado v. Burt,* 377 F.3d 638,

644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'");

*Taylor v. Principi*, 92 F. App'x 274, 277 (6th Cir. 2004) (holding that attorney error does not

6

warrant relief via equitable tolling); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002)

(holding attorney mistake not a valid basis for equitable tolling).[3]

Other circuit courts of appeals agree. *Gayle v. United Parcel Serv.*, 401 F.3d 222, 226-28

(4th Cir. 2005) (holding attorney negligence did not entitle litigant to equitable tolling); *Harris v.*

*Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (same); *Taliani v. Chrans*, 189 F.3d 597, 598

(7th Cir. 1999) ("[A] lawyer's mistake is not a valid basis for equitable tolling."); *Gunderson v.*

*Abbott*, 172 F. App'x 806, 810 (10th Cir. 2006) ("[A]ttorney error is generally not a basis for

equitable tolling."); *Williams v. Ga. Dep't of Defense*, 147 F. App'x 134, 135 (11th Cir. 2005)

(holding attorney error insufficient to warrant equitable tolling); *Carter v. Tex. Dep't of Health*,

119 F. App'x 577, 580 (5th Cir. 2004) ("[A]ttorney's errors are not grounds for equitable toll-

ing."). And the Supreme Court itself has stated that "the principles of equitable tolling . . . do not

extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990).  The rationale for refusing to toll limitations periods in order to

correct attorney errors is a strong one: "Many attorney mistakes are innocent in that they involve

oversights or miscalculations attributable in some part to the sheer press of business. To accept

such mistakes as a ground for equitable tolling, however, would over time consign filing

deadlines and limitations periods to advisory status." *Gayle v. United Parcel Serv.*, 401 F.3d at

227.

---

[3] This conclusion is supported by the fact that motions for extensions of the deadline for filing dischargeability complaints are exceptions to the general rule allowing courts to grant motions for extensions made after the expiration of a deadline upon a showing of excusable neglect. *Compare* Fed. R. Bankr. P. 9006(b)(1) and (3).

The court concludes that the movants' first motion for an extension of the complaint deadline represents nothing more than "garden variety" neglect.[4] This case points up the need for particular care in complying with proper procedures in this age of electronic filing. Traditionally, an attorney had to physically sign court papers and, presumably, he or she read the papers at the time of signature. Now, papers may be "signed" by anyone simply by the typist inserting "/s/" on the signature line and then uploading the papers electronically to the court. While the attorney in this case (who was out of state in depositions) reviewed the second drafts of the motion and order, she did not review the documents actually transmitted to the court in her name. This unfortunate oversight, while perhaps excusable neglect, is not a basis for equitable tolling.

### III.

The court must conclude that the doctrine of equitable tolling simply does not afford any relief under the circumstances presented here. Accordingly, an order will enter denying the movants' motion to extend the deadline for filing a complaint objecting to the dischargeability of a particular debt.

# # #

---

[4] Clerical errors of the kind that occurred here are the kind of "'garden variety' claims of excusable neglect on the part of a litigant's attorney" to which equitable tolling does not extend. *E.g.*, *Robinson-Smith v. Gov't Employees Ins. Co.*, 424 F. Supp. 2d 117, 122 (D.D.C. 2006) (no equitable tolling where failure to file consents to opt into FLSA collective action resulted from clerical error on part of law firm).